# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4277 | **DATE** | 10/21/2010 |
| **CASE TITLE** | Onorato v. Target Corporation | | |

**DOCKET ENTRY TEXT**

Motion by Defendant Target Corporation to dismiss [11] is granted and the case is dismissed.

■[ For further details see text below.]  Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Plaintiff Victoria Onorato ("Onorato"), a Chicago Police Officer, has sued defendant Target Corporation ("Target") and one of its employees for injuries she sustained after responding to a call from a Target store seeking assistance with a shoplifter. Upon arriving, Onorato entered the room in which the suspect was being detained and found a Target security guard embroiled in a heated exchange with two women. When Onorato attempted to arrest one of the women, the arrestee resisted, and a fight ensued in which Onorato sustained, among other injuries, a torn rotator cuff. Her complaint alleges two counts of negligence and a claim for battery.

Target has moved to dismiss Onorato's negligence claims, arguing that they are barred by the "firefighter's rule" (or the "fireman's rule"), according to which "public officers may not recover for injuries sustained during an emergency when they enter upon an owner or occupier's property in the discharge of their duties." *Lurgio v. Commonwealth Edison Co.*, 914 N.E.2d 659, 664-65 (Ill. App. Ct. 2009). In essence, the firefighter's rule permits recovery "for injuries that result from an act unrelated to the specific reason he was summoned to the scene, but not for negligent acts that caused the emergency." *Id.* Target claims that Onorato cannot recover because her injuries are alleged to have resulted from negligent acts related to the emergency to which she was called to respond.

Onorato seeks to avoid application of the firefighter's rule by analogizing her case to Illinois Court of Appeals's recent decision in *Lurgio*. There, a police officer was called to direct traffic at the scene of a downed power line. Commonwealth Edison was notified of the problem and stated that someone would be sent to repair the power line within forty-five minutes. After about an hour, the downed line collided with a streetlight, causing an explosion. As Lurgio fled, he injured his knee. He filed a personal injury suit, alleging that Commonwealth Edison had been negligent

**STATEMENT**

in maintaining and installing the power lines, as well as in failing to properly respond to the downed line. On appeal, the court rejected Commonwealth Edison's argument that Lurgio's suit was barred by the firefighter's rule. The court reasoned that a question of fact existed as to whether, "[b]y failing to respond sooner . . . , defendant prolonged plaintiff's exposure to the risks associated with a downed power line." *Id.* at 666.

Onorato claims that by failing to place the shoplifters in the store's secure detention rooms; by leading the police dispatcher to believe that Target was holding only one shoplifter instead of two; and by failing to warn Onorato that the shoplifters were in an "aggravated state," Target increased the risk she faced "beyond that inherent in her job duties." I disagree. The dangers Onorato encountered and the injuries she suffered are endemic to her profession. Illinois courts have expressly recognized this fact. *See, e.g.*, *Schmidt v. Washington*, 713 N.E.2d 1266, 1268 (Ill. App. Ct. 1999) ("[A]ll police officers face the inherent risk of being injured by a suspected criminal and his cohorts in an attempt to place him under arrest. Arrestees are known to resist arrest, sometimes violently. . . . [T]he risk of being injured by a violent arrestee is a risk inherent in the work of a police officer every time an arrest is made."). The fact that steps could have been taken to reduce the danger Onorato faced does not mean that Target exposed Onorato to any risks beyond those inherent in her job duties.

Moreover, a key fact in *Lurgio* was that the officer there was alleged to have been injured by negligent acts independent of the specific reason he was summoned to the scene. Lurgio was originally called to the scene because of downed power lines -- a predicament allegedly caused by Com Ed's negligence in installing and maintaining the power lines. According to the court, Com Ed's failure to respond swiftly to the emergency represented a separate, intervening act of negligence. This was especially so in view of Com Ed's status as an electrical power distributor and the fact that only Com Ed could have fixed the downed power line. The court held that it was Com Ed's failure to respond that allegedly caused Lurgio's injury. Since Lurgio's injuries were caused by acts unrelated to the specific reason he had originally been summoned to the scene, the firefighter's rule did not apply.

These facts simply are not present in Onorato's case. Her injuries were caused by the emergency to which she was originally called to respond. And despite her claim to the contrary, Target was not the only entity that could have remedied the hazards she faced. It was physically impossible for Lurgio or anyone else to fix the downed power lines. It was not impossible for Onorato to deal with the belligerent arrestee (e.g., she might have called for backup before attempting to handcuff the suspect).

For these reasons, the firefighter's rule applies to Onorato's suit and requires the dismissal of her negligence claims.

Target has also moved to dismiss Onorato's battery claim. She has not responded to the argument. As a result, her battery claim is dismissed as

**STATEMENT**

well.  Accordingly, Onorato's suit is dismissed in its entirety.